

```
 1  Robert Tauler (SBN 241964)
    LAW OFFICES OF ROBERT TAULER
 2  tauler@taulerlitgroup.com
    11111 Santa Monica Blvd., Suite 500
 3  Los Angeles, CA 90025
    Telephone: 310.746.5601
 4
    Attorney for Plaintiff
 5  LATERAL LINK GROUP, LLC
```

FILED
CLERK, U.S. DISTRICT COURT
JUL 2 2 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATERAL LINK GROUP, LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICAH SPRINGUT, an individual; doing business as LATERAL.LY, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV14-5695 CAS-JEM<br><br>COMPLAINT FOR:<br><br>(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. § 1114; Lanham Act 32);<br><br>(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act § 43(a));<br><br>(3) COMMON LAW TRADEMARK INFRINGEMENT;<br><br>(4) COMMON LAW UNFAIR COMPETITION;<br><br>(5) DILUTION UNDER § 43(C) OF THE LANHAM ACT; AND<br><br>(6) CALIFORNIA UNFAIR COMPETITION (California Business and Professions Code § 17200)<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Lateral Link Group, LLC ("Lateral Link") by and for its Complaint, alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

## INTRODUCTION

1. This is an action for federal trademark infringement, federal unfair competition, and federal trademark dilution in violation of Federal Lanham Act, 15 U.S.C. § 1051, et seq.; common law trademark infringement; and state unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq., against Defendants Michael Springut and Lateral.ly ("Defendants"), for their commercial use and exploitation of mark confusingly similar to Lateral Link's trademark, LATERAL LINK, in connection with the sale of legal recruiting services. Defendants are intentionally trading on Lateral Link's goodwill by using a name, "Lateral.ly" (referred to herein as the "Infringing Mark"), that is confusingly similar to Lateral Link's trademark. Defendants' use of the Infringing Mark is likely to cause confusion or mistake and to deceive consumers as to the source of services provided under that mark, or as to the sponsorship or other commercial affiliation of Defendants' business with Lateral Link. These activities are all likely to cause considerable harm to Lateral Link and its business.

2. Lateral Link hereby seeks (1) injunctive relief against Defendants' continued unauthorized and improper commercial use and exploitation of any trademark confusingly similar to Lateral Link's trademark on or in connection with the sale of any legal recruiting services; and (2) all damages arising from Defendants' past and present infringement and reimbursement of Lateral Link's attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

## THE PARTIES

3. Plaintiff Lateral Link is a California LLC with its principal place of business in Los Angeles, California.

**COMPLAINT**

4. Lateral Link is informed and based thereon believes that Defendant Lateral.ly is an entity with its principal place of business in San Francisco, California.

5. Lateral Link is informed and based thereon believes that Defendant Micah Springut is the owner and Chief Executive Officer of Lateral.ly and a resident of San Francisco, California.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant Does 1 through 50, inclusive, are unknown to Lateral Link who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

7. This is an action seeking temporary, preliminary and permanent injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based upon Defendants' trademark infringement, trademark dilution, and unfair competition in connection with its use of the Infringing Mark in relation to its legal recruiting services, which unlawful acts have occurred, in significant part, in the state of California and in this district.

8. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a), and 28 U.S.C. §§ 1331, 1338 and 1367, and pursuant to the Court's pendent jurisdiction.

9. Upon information and belief, this Court has personal jurisdiction over Defendants since Defendant Springut resides in this State and Defendant Lateral.ly's principal place of business is in this State. Venue is proper in this judicial district under the provisions of 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF AND ITS LATERAL LINK BUSINESS

10. As reflected on its website, www.laterallink.com, Lateral Link is a premier legal recruiting firm and networking forum for elite attorneys.

**COMPLAINT**

11. Lateral Link was founded in 2005, and specializes in placing attorneys at top-tier firms and provides career services to members through its online job database as well as traditional off-line recruiting and networking services. Lateral Link helps attorneys to advance their career and regularly works with both attorneys and firms to ensure a smooth lateral move for both the candidate and the firm. Lateral Link works with both law firms and in-house legal employers in the United States, Asia, Western Europe, and Middle East.

12. Lateral Link is the sole provider of its services, and the company has gone to considerable expense to design and control its marketing collateral. In doing so, it exercises great care and deliberation with respect to the best way to present its services in light of various concerns such as the overall impression on the consumer, the consistency and quality of services, and reducing the risk of copying by competitors.

13. To ensure accurate service representation as well as consistent sales and quality of its services, Lateral Link regulates all uses of its trade name, trademarks, and marketing collateral.

14. Lateral Link provides its services under the famous mark LATERAL LINK (the "LATERAL LINK Mark").

15. LATERAL LINK is a term related to "personnel placement and recruitment for attorneys and other professionals" and was adopted by Lateral Link to identify the particular services that are the subject of the trademark registration infringed by Defendants.

16. Through Lateral Link's longstanding, extensive and exclusive use of the LATERAL LINK Mark, the LATERAL LINK Mark has become famous, and Lateral Link has enjoyed commercial success, in part, due to its sale of services under the LATERAL LINK Mark. The LATERAL LINK Mark is readily recognized by consumers of legal recruiting services and is a valuable asset of Lateral Link.

**COMPLAINT**

17. Further, LATERAL LINK is the subject of U.S. Trademark Registration No. 3762826 for the mark LATERAL LINK. The above-referenced registration was issued on March 23, 2010, based on a first use in commerce date of June 1, 2006, in conjunction with "personnel placement and recruitment for attorneys and other professionals." Lateral Link's registrations for the LATERAL LINK Mark is inherently distinctive and was registered as such on the Principal Register of the United States Patent and Trademark Office. A copy of the LATERAL LINK registration is attached to this Complaint as Exhibit A.

18. Pursuant to 15 U.S.C. § 1057(b), the LATERAL LINK registration is *prima facie* evidence of the validity of Lateral Link's claim to trademark rights in LATERAL LINK, and of the exclusive right of Lateral Link to use the LATERAL LINK Mark in commerce in connection with "personnel placement and recruitment for attorneys and other professionals."

19. Additionally, pursuant to 15 U.S.C. § 1057(c), the August 3, 2009 filing of the application, which matured into LATERAL LINK registration, constituted constructive use of the LATERAL LINK trademark on that filing date, conferring a right of priority, nationwide in effect, in connection with the goods specified in the registration (namely, goods and services associated with "personnel placement and recruitment for attorneys and other professionals") against any other entity (with certain statutory exceptions, none of which applies to Defendants).

20. Accordingly, Lateral Link is the owner of all rights in and to the LATERAL LINK Mark for use on and in connection with "personnel placement and recruitment for attorneys and other professionals."

### DEFENDANTS' WRONGFUL ACTS

21. At all times relevant to this Complaint, Defendants are and have been aware of Lateral Link's business and the products it sells under the LATERAL LINK Mark and the goodwill represented and symbolized by the LATERAL LINK Mark.

22. Defendants are currently not, and never have been, authorized providers of Lateral Link services.

23. Recently, Lateral Link became aware that Defendant Springut's company, "Lateral.ly," is intentionally trading on Lateral Link's goodwill by using a name that is confusingly similar to the LATERAL LINK Mark. The Infringing Mark, when spoken, sounds almost identical to the LATERAL LINK Mark.

24. Defendants' website, https://lateral.ly/, states that the company was formed in early 2014. The website further advertises that Lateral.ly aims to serve the same group of customers as Lateral Link. Both companies focus on personnel placement and recruitment for attorneys. See Exhibit B (printouts of certain pages from Defendants' website bearing the Infringing Mark and representations by Defendants).

25. To further increase the risk of confusion between Lateral Link and Lateral.ly, Defendants have also copied parts of Lateral Link's business model. For example, Lateral.ly's website indicates that the company will offer a $5,000 "signing bonus" to candidates who are hired on Lateral.ly. See Exhibit B. To Lateral Link's knowledge, it was the first legal recruiting firm to offer candidates such a bonus.

26. Defendants' use of the Infringing Mark in connection with its legal recruiting services was made with full awareness of Lateral Link's prior usage of the LATERAL LINK Mark. Further, Defendants were aware of the unauthorized nature of such use at least as early as May 16, 2014 when Lateral Link provided Defendants with a cease and desist letter.

27. Defendants' unauthorized use of the LATERAL LINK Mark leads consumers to erroneously believe that Defendants are Lateral Link, or affiliated with, or sponsored by, Lateral Link as an authorized provider of Lateral Link's high quality legal recruiting services.

28. Soon after Lateral Link became aware of Defendants' unauthorized use of its trademark, counsel for Lateral Link sent, by email and U.S. Mail (certified) on May

16, 2014, a cease and desist letter to Defendant Springut demanding, *inter alia*, that Defendants terminate their use of the Infringing Mark. A copy of that letter is attached hereto as Exhibit C.

29. Defendant Springut never responded to the cease and desist letter and continues to use the LATERAL LINK Mark without authorization in a willful manner.

30. The unauthorized use of the LATERAL LINK Mark on Defendants' website attempts to attract consumers to Defendants' website by leading consumers to erroneously believe that Defendants are Lateral Link, or an affiliate of Lateral Link.

31. Defendants' use of the LATERAL LINK Mark unfairly and unlawfully wrests from Lateral Link control over the federally registered LATERAL LINK trademark as well as the considerable goodwill and reputation Lateral Link has cultivated in its trademark.

32. Lateral Link has no control over Defendants' business, and Lateral Link's valuable reputation and the hard-earned goodwill built up in the LATERAL LINK Mark for many years may be permanently damaged if Defendants continue to associate their website and services sold therein under the guise of being Lateral Link or a Lateral Link affiliate.

33. Since Lateral Link's registration for the LATERAL LINK Mark is the only mark on the Principal Register incorporating the term LATERAL LINK in connection with "personnel placement and recruitment for attorneys and other professionals" for approximately 8 years, consumers are likely to mistakenly believe that Defendants' website and services listed therein are associated with or related to the services Lateral Link provides under the LATERAL LINK Mark.

34. Unless such conduct is enjoined, Defendants' acts will greatly injure the value of the LATERAL LINK Mark and the ability of Lateral Link to commercially identify its services under the LATERAL LINK Mark.

**COMPLAINT**

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

### *15 U.S.C. § 1114 (Lanham Act § 32)*

35. Lateral Link repeats and incorporates by reference the allegations of Paragraphs 1 through 34 as if fully set forth herein.

36. Lateral Link is the owner of U.S. Federal Trademark Registration No. 3762826 and the LATERAL LINK trademark made the subject of that registration, in which the registration is valid, subsisting, and in full force and effect.

37. Defendants' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' services, and is likely to create the false impression that Defendants' services are provided by Lateral Link or are authorized, sponsored, endorsed or licensed by, or affiliated with Lateral Link.

38. The public, including Defendants, has been on constructive notice of Lateral Link's exclusive rights in the LATERAL LINK Mark since 2009, years before Defendants began to market their legal recruiting services in connection with the Infringing Mark.

39. Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants have no right, license or authority to use the LATERAL LINK Mark or any other designation confusingly similar thereto.

40. Defendants' conduct is intended to reap the benefit of the goodwill that Lateral Link has created in the LATERAL LINK Mark, and constitutes infringement of Lateral Link's federally registered LATERAL LINK Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41. Because Defendants are using the LATERAL LINK Mark in connection with their business in an unauthorized manner, Defendants have caused and are causing

substantial irreparable harm to Lateral Link and will continue to damage Lateral Link, and to deceive consumers, unless enjoined by this Court.

42. Lateral Link has been injured in an amount not yet ascertained, and has no adequate remedy at law.

43. Lateral Link repeats and incorporates by reference the allegations of Paragraphs 1 through 42 as if fully set forth herein.

44. The LATERAL LINK Mark has become uniquely associated with, and hence identifies, Lateral Link. Defendants' use of the Infringing Mark constitutes a false designation of orgin, or a false representation.

45. Defendants' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' legal recruiting services and products offered in connection with the Infringing Mark, and is likely to create the false impression that Defendants' services are provided by Lateral Link or are authorized, sponsored, endorsed or licensed by, or affiliated with Lateral Link.

46. Lateral Link is informed and believes that Defendants, in adopting the Infringing Mark, have acted willfully and with full knowledge of Lateral Link's rights in the LATERAL LINK Mark, and have used this false designation of orgin and description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Because Defendants' are using the Infringing Mark in connection with its business in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to Lateral Link and will continue to damage Lateral Link and to deceive consumers unless enjoined by this Court.

48. Lateral Link has been injured in an amount not yet ascertained, and has no adequate remedy at law.

**COMPLAINT**

## COUNT III

### *COMMON LAW TRADEMARK INFRINGEMENT*

49. Lateral Link repeats and incorporates by reference the allegations of Paragraphs 1 through 48 as if fully set forth herein.

50. Defendants' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' legal recruiting services and products offered in connection with the Infringing Mark, and is likely to create the false impression that Defendants' products are authorized, sponsored, endorsed or licensed by, or affiliated with Lateral Link.

51. Defendants had actual and constructive notice of Lateral Link's exclusive rights in the LATERAL LINK trademark since 2009, years before Defendants began to market their legal recruiting services in connection with the Infringing Mark.

52. Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants have no right, license or authority to use the LATERAL LINK trademark or any other designation confusingly similar thereto.

53. Defendants' conduct is intended to reap the benefit of the goodwill that Lateral Link has created in the LATERAL LINK Mark, and constitutes trademark infringement in violation of the common law of California and other states.

54. Because Defendants are using the LATERAL LINK Mark in connection with their business in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to Lateral Link and will continue to damage Lateral Link, and to deceive consumers, unless enjoined by this Court.

55. Lateral Link has been injured in an amount not yet ascertained, and has no adequate remedy at law.

## COUNT IV

### *COMMON LAW UNFAIR COMPETITION*

56. Lateral Link repeats and incorporates by reference the allegations of Paragraphs 1 through 55 as if fully set forth herein.

57. Defendants' conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' legal recruiting services and products offered in connection with the Infringing Mark, and is likely to create the false impression that Defendants' services are provided by Lateral Link or are authorized, sponsored, endorsed or licensed by, or affiliated with Lateral Link.

58. Defendants' conduct constitutes unfair competition in violation of the common law of California and other states.

59. Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants' have no right, license or authority to use the LATERAL LINK Mark or any other designation confusingly similar thereto.

60. Because Defendants are using the LATERAL LINK Mark in connection with their business in an unauthorized manner, Defendants have caused and are causing substantial irreparable harm to Lateral Link and will continue to damage Lateral Link, and to deceive consumers, unless enjoined by this Court.

61. Lateral Link has been injured in an amount not yet ascertained, and has no adequate remedy at law.

## COUNT V

### DILUTION

### *15 U.S.C. § 1125(A) (LANHAM ACT § 43(C))*

62. Lateral Link repeats and incorporates by reference the allegations of Paragraphs 1 through 61 as if fully set forth herein.

63. As a result of the duration and extent of use of the LATERAL LINK Mark, the duration and extent of the advertising and publicity of the LATERAL LINK Mark,

the geographical extent of the distribution of the same, the superior quality of Lateral Link's services, and the degree of recognition of Lateral Link's trademark, the LATERAL LINK Mark has achieved an extensive degree of distinctiveness and is a famous trademark within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

64. Upon information and belief, Defendants' unauthorized use of the Infringing Mark in interstate commerce in connection with the advertisement of its legal recruiting services has caused and continues to cause a likelihood of, and actual dilution of, the distinctive quality of Lateral Link's trademark by blurring and tarnishment.

65. On information and belief, Defendants' unauthorized use of the Infringing Mark will cause some of Defendants' actual and potential customers to think that Defendants are affiliated with Lateral Link when they encounter the Infringing Mark in connection with the advertising and offering of Defendants' services.

66. On information and belief, Lateral Link has suffered damages and Defendants' have obtained profits and unjust enrichment as a result of Defendants' dilution of Lateral Link's famous LATERAL LINK Mark.

67. Defendants' acts described herein irreparably injure Lateral Link's business, reputation and good will, and will continue to do so unless and until they are permanently enjoined.

68. Lateral Link has been injured in an amount not yet ascertained, and has no adequate remedy at law.

## COUNT VI

## CALIFORNIA UNFAIR COMPETITION

### *(CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200)*

69. Lateral Link repeats and incorporates by reference the allegations of Paragraphs 1 through 68 as if fully set forth herein.

70. Defendants' aforesaid conduct, as alleged in Lateral Link's above claims for relief, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

71. The LATERAL LINK Mark is wholly associated with Lateral Link due to its extensive marketing efforts, sales successes, and pervasive use thereof, and as such, Lateral Link has developed valuable assets in the LATERAL LINK Mark and its services sold under the LATERAL LINK Mark. It is only fair and legitimate that Lateral Link be able to continue its business without unfair, improper, unauthorized, and illegal interference by Defendants as alleged herein.

72. Defendants' intentional misuse of the Infringing Mark appears purposefully directed at undercutting Lateral Link's legitimate business involving its legal recruiting services and constitutes unfair competition in violation of California Business and Professions Code, § 17200 and 17203.

73. Lateral Link alleges that the aforesaid acts of unfair competition undertaken by Defendants were intentionally and knowingly performed and directed toward perpetuating a business competing unfairly with Lateral Link and were done with a willful disregard for the rights of Lateral Link.

74. By reason of Defendants' acts of unfair competition, Lateral Link has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of unfair competition. Defendants continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Lateral Link in that it will have no adequate remedy at law to compel Defendants to cease such acts, and no way to determine its losses proximately caused by such acts of Defendants. Lateral Link is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendants.

75. As a direct and proximate result of the Defendants' acts of unfair competition, Defendants have wrongfully taken Lateral Link's profits and the benefit of

their creativity and investment of time, energy and money. Defendants should therefore disgorge all profits from the sale of infringing services and further should be ordered to perform full restitution to Lateral Link as a consequence of Defendants' infringing activities.

76. In doing the acts hereinabove alleged, Defendants have acted fraudulently, oppressively, and maliciously, and will continue to do so unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Lateral Link respectfully requests the following relief:

A. Preliminary and permanent injunctions prohibiting Defendants and their officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the Infringing Mark, the LATERAL LINK Mark, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling or provision of their services and related products in the United States, and from otherwise infringing the LATERAL LINK Mark;

B. Preliminary and permanent injunctions requiring Defendants to remove all appearances of the Infringing Mark, and any confusingly similar variations thereof, from its web pages, business forms, mailing labels, invoices, sales aids, advertisements, and all other advertising, sales and promotional materials;

C. An order enjoining Defendants from committing any acts or making any statements calculated, or the reasonable foreseeable consequence of which would be, to infringe or dilute the LATERAL LINK Mark;

D. An order requiring Defendants to provide the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, building design(s), packages, wrappers, catalogs, internet web pages, and any

other materials in their possession or control bearing or depicting the Infringing Mark, the LATERAL LINK Mark, or any other word or words confusingly similar thereto;

E. An order requiring Defendants to cancel or cause to be cancelled any pending trademark application related to the Infringing Mark, and to refrain from seeking any trademark registration inconsistent with the foregoing injunctive relief;

F. An order requiring Defendants to file with this Court and to serve upon Lateral Link within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. An accounting for all profits derived by Defendants and its subsidiaries and affiliates from their unlawful acts;

H. An award of such monetary remedies in an amount sufficient to compensate Lateral Link for losses it has sustained as a consequence of Defendants' unlawful acts, as well as the profits of Defendants' and their subsidiaries and affiliates attributable to the unlawful acts;

I. An award of treble damages or other enhanced monetary remedies to Lateral Link;

J. An award of attorney's fees and costs to Lateral Link; and

K. Such further relief as the Court may deem just and appropriate.

Dated: July 22, 2014                    LAW OFFICES OF ROBERT TAULER

                                        By: _____
                                            ROBERT TAULER
                                            Attorney for Plaintiff
                                            LATERAL LINK GROUP, LLC

**COMPLAINT**

## JURY DEMAND

Plaintiff Lateral Link hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: July 22, 2014

LAW OFFICES OF ROBERT TAULER

By: _____
ROBERT TAULER
Attorney for Plaintiff
LATERAL LINK GROUP, LLC

COMPLAINT