WILLIAM C. STEFFIN (SBN #54626)
ARMIN AZOD (SBN # 250965)
STEFFIN LELKES AZOD LLP
1801 Century Park East, 24th Floor
Century City, CA 90067
Phone: (310) 734-8442
william.steffin@usaiplaw.com
armin.azod@usaiplaw.com


MILTON SPRINGUT (of counsel)
TAL S. BENSCHAR (of counsel)
SPRINGUT LAW PC
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Phone: (212) 813-1600
ms@springutlaw.com
tbenschar@springutlaw.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATERAL LINK GROUP, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MICAH SPRINGUT, an individual; doing business as LATERAL.LY, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 14-5695-CAS-JEMx<br><br>**ANSWER AND COUNTERCLAIMS**<br><br>**Counterclaims for:**<br><br>**1. Declaratory Judgment of Non-Infringement**<br><br>**2. Cancellation or restriction of federal trademark registration pursuant to 15 U.S.C. § 1119** |

- 1 -
**ANSWER AND COUNTERCLAIMS**

| | |
|---|---|
| HABEAS CORP. dba LATERAL.LY (sued herein as LATERAL.LY), a Delaware corporation; and MICAH SPRINGUT, an individual, | |
| Counter-Claim Plaintiffs, | |
| vs. | |
| LATERAL LINK GROUP, LLC, a California Limited Liability Company, | |
| Counter-Claim Defendant. | |

Defendants Micah Springut and Habeas Corp. doing business as Lateral.ly (sued herein as Lateral.ly) (collectively "Defendants"), for their Answer, Affirmative Defenses and Counterclaims, state as follows:

## IN ANSWER TO THE ALLEGATIONS OF THE COMPLAINT

1. Defendants admit that Plaintiff asserts causes of action under the cited legal statutes and the common law. All other allegations of paragraph 1 are denied.

2. Defendants admit that Plaintiff seeks relief of the type described in the paragraph. All other allegations of paragraph 2 are denied.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and accordingly deny same.

4.    Defendants admit Lateral.ly is the trade name for a Delaware corporation whose legal name is Habeas Corp. and that such corporation has a place of business in San Francisco, California. All other allegations of paragraph 4 are denied.

5.    Defendants admit that Micah Springut is the Chief Executive Officer of Habeas Corp. and resides in San Francisco, California. All other allegations of paragraph 5 are denied.

6.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and they are accordingly hereby denied.

7.    Defendants admit that Plaintiff seeks relief of the type described in the paragraph. All other allegations of paragraph 7 are denied.

8.    Admitted.

9.    Defendants admit that the Court has personal jurisdiction over them and that venue is proper in this district.

10.    Defendants admit that Plaintiff is a legal recruiting firm. Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 10, and they are accordingly denied.

11.    Defendants admit that Plaintiff is a legal recruiting firm. Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 11, and they are accordingly denied.

**ANSWER AND COUNTERCLAIMS**

12. Defendants admit that Plaintiff is a legal recruiting firm. Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 12, and they are accordingly denied.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and accordingly deny same.

14. Defendants admit that Plaintiff uses the service mark LATERAL LINK. All other allegations of paragraph 14 are denied.

15. Defendants admit that Plaintiff uses the service mark LATERAL LINK for legal recruitment services. All other allegations of paragraph 14 are denied.

16. Defendants admit that plaintiff uses the service mark LATERAL LINK. All other allegations of paragraph 16 are denied.

17. Defendants admit that LATERAL LINK is the subject of the U.S. Trademark Registration referenced in paragraph 17. All other allegations of paragraph 17 are denied. Defendants specifically deny that any exhibits were attached to the Complaint.

18. The allegations of paragraph 18 set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations of paragraph 18 are denied.

**ANSWER AND COUNTERCLAIMS**

19. The allegations of paragraph 19 set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 set forth legal conclusions as to which no response is required. To the extent a response is required, the allegations of paragraph 20 are denied.

21. Defendants admit that they are aware of plaintiff and its use of LATERAL LINK as a service mark. All other allegations of paragraph 21 are denied.

22. Defendants admit that they are not authorized by plaintiff for any purpose. All other allegations of paragraph 22 are denied.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 to the extent they reference what Plaintiff recently became aware of, and they are accordingly hereby denied. All other allegations of paragraph 23 are denied.

24. The first and third sentences of paragraph 24 are admitted. The second sentence of paragraph 24 is denied. Defendants deny the fourth sentence, in that they specifically deny that any exhibits were attached to the Complaint.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 25, and they are accordingly hereby denied. All other allegations of paragraph 25 are denied.

26. Denied.

27. Denied.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 to the extent they reference what plaintiff's counsel sent by email or mail, and they are accordingly hereby denied.  All other allegations of paragraph 28 are denied. Defendants specifically deny that any exhibits were attached to the Complaint.

29. Defendants admit that they did not "respond" to any cease and desist letter from Plaintiff, but deny ever receiving such letter.  All other allegations of paragraph 29 are denied.

30. Denied.

31. Denied.

32. Defendants admit that Plaintiff has no control over Defendants' business. All other allegations of paragraph 32 are denied.

33. Denied.

34. Denied.

## COUNT I

35. Defendants repeat and reincorporate their responses to paragraphs 1 to 34 as if set forth fully herein.

36. Defendants admit that Plaintiff appears in the United States Patent and Trademark Office records as the owner of the U.S. Trademark Registration referenced in paragraph 36. All other allegations of paragraph 36 are denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendants repeat and reincorporate their responses to paragraphs 1 to 34 as if set forth fully herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT III (*sic*)

49. Defendants repeat and reincorporate their responses to paragraphs 1 to 48 as if set forth fully herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## **COUNT IV**

56. Defendants repeat and reincorporate their responses to paragraphs 1 to 55 as if set forth fully herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## **COUNT V**

62. Defendants repeat and reincorporate their responses to paragraphs 1 to 61 as if set forth fully herein.

63. Denied.

**ANSWER AND COUNTERCLAIMS**

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT VI

69. Defendants repeat and reincorporate their responses to paragraphs 1 to 68 as if set forth fully herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## AFFIRMATIVE DEFENSES

Defendants state the following as Affirmative Defenses without taking upon themselves the burden of proof thereof:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

3. To the extent Plaintiff has suffered any damages, which Defendants expressly deny, Plaintiff has failed to take any steps to mitigate its damages.

4. Plaintiff's LATERAL LINK mark is descriptive in that it immediately describes the services rendered under that mark, namely linking potential lateral hires with employers. Plaintiff has not achieved "secondary meaning" necessary to protect its mark.

5. The dominant portion of Plaintiff's mark is the term LATERAL, which is a generic term for an experienced attorney seeking to move from one employment to another, such as from a law firm to another law firm or in-house corporate position, or the cognate adjective describing such a move by such an attorney (*e.g.,* an attorney making a "lateral move.") LATERAL is also the only term that Defendants' LATERAL.LY designation has in common with Plaintiff's mark.

6. The customers to which both parties target their services include law firms and in-house legal departments and attorneys seeking to be hired by the law firms and in-house legal departments, and both are highly sophisticated consumers who take great care in selection of providers of such services.

7. Plaintiff's trademark is unenforceable by reason of unclean hands and trademark misuse, in that Plaintiff has brought this suit for the improper purpose of squelching competition from a start-up using innovative technology that threatens Plaintiff's antiquated "headhunter" business model, and to improperly expand the scope of its trademark LATERAL LINK to bar all uses of the generic term LATERAL, thereby giving it a monopoly in a generic term and hindering legitimate competition.

## COUNTERCLAIMS

Defendants Micah Springut and Habeas Corp. dba Lateral.ly (sued herein as Lateral.ly) (collectively "Defendants") hereby counterclaim against Plaintiff and in support of same allege as follows:

**Nature of the Counterclaims And Jurisdiction**

1. Defendants bring counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201 to declare that they do not violate Plaintiff's rights under federal and California law. Defendants further counterclaim to cancel or restrict Plaintiff's Trademark Registration pursuant to 15 U.S.C. § 1119.

2. The Court has subject matter over the federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the state-law counterclaims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

**The Parties**

3. Defendant-Counterclaim-Plaintiff Habeas Corp. dba Lateral.ly (hereinafter "Habeas Corp.") is a corporation duly organized under the laws of the State of Delaware, having its place of business in San Francisco, California.

4. Defendant-Counterclaim-Plaintiff Micah Springut is the Chief Executive Officer of Habeas Corp., and has a place of business in San Francisco, California.

5. Plaintiff-Counterclaim-Defendant Lateral Link Group, LLC (hereinafter "Lateral Link" or "Plaintiff") is, upon information and belief, a California limited liability company, having a place of business in Los Angeles, California.

**COUNTERCLAIM COUNT I**

**Declaratory Judgment Of Non-Infringement
Concerning Defendants' Use of "Lateral.ly"**

6. Defendants repeat and reincorporate the foregoing paragraphs as though set forth fully herein.

7. Defendant Habeas Corp. provides on-line legal placement services to both sophisticated law firms and in-house legal departments and attorneys seeking to be placed.

8. Defendant Habeas Corp. uses the designation Lateral.ly to designate its services.

9. As set forth more fully in Plaintiff's Complaint, there is an actual and ongoing controversy between Plaintiff and Defendants as to whether the use by Habeas Corp. of the designation Lateral.ly infringes upon Plaintiff's rights under federal and state law in its registered mark LATERAL LINK.

10. Plaintiff's claims for infringement under 15 U.S.C. §§ 1114(1) and 1125(a), for common law trademark infringement and unfair competition, and for California Unfair Competition under California Business and Professions Code § 17200 all require a showing of a valid and protectable trademark.

11. Plaintiff's LATERAL LINK mark is descriptive in that it immediately describes the services rendered under that mark, namely linking potential lateral hires with employers.  Plaintiff has not achieved "secondary meaning" necessary to protect its mark.  Accordingly, its mark is not valid.

12. Plaintiff's claims for infringement under 15 U.S.C. §§ 1114(1) and 1125(a), for common law trademark infringement and unfair competition, and for California Unfair Competition under California Business and Professions Code § 17200 all require a showing of likelihood of confusion by consumers or potential consumers of the parties' services.

13. There is no likelihood of confusion created by Habeas Corp.'s use of its Lateral.ly designation, because consideration of the factors set forth in *AMF Inc. v.*

- 13 -
**ANSWER AND COUNTERCLAIMS**

Sleekcraft *Boats*, 599 F.2d 341 (9th Cir. 1979) leads to the conclusion that there is no likelihood of confusion.

14. Among other *Sleekcraft* factors is the fact that the term LATERAL is the only term that Defendant's LATERAL.LY designation has in common with Plaintiff's mark. That term is a generic term for an experienced attorney seeking to move from one employment to another, such as from a law firm to another law firm or in-house corporate position, or the cognate adjective describing such a move by such an attorney. The term has been extensively used in its generic sense by Plaintiff's principals in talks and presentations, by major law firms (including several of Plaintiff's clients), by the legal press and by the National Association of Legal Placement, a national association of over 2,500 legal career professionals.

15. Among other *Sleekcraft* factors is the fact that the customers and potential customers to which both parties target their services are law firms and in-house legal departments and attorneys seeking to be hired by the law firms and in-house legal departments, and all such are highly sophisticated consumers who take great care in selection of providers of such services.

16. For these and other reasons, there is no likelihood of confusion created by Defendants use of the Lateral.ly designation.

17. Plaintiff also claims that Defendants' use of the Lateral.ly designation dilutes its LATERAL LINK trademark in violation of 15 U.S.C. § 1125(c).

18.     Defendants do not violate the federal dilution statute at least because (a) LATERAL LINK is not a famous mark as defined by statute; and (b) the marks of the parties are sufficiently distinct so as not to cause dilution.

19.     At least for the reasons stated herein, Defendants' use of the Lateral.ly designation does not violate any of Plaintiff's rights under federal or state law.

## COUNTERCLAIM COUNT II

### Cancellation Or Restriction Of Registration
### 15 U.S.C. § 1119

20.     Defendants repeat and reincorporate the foregoing paragraphs as though set forth fully herein.

21.     Plaintiff is the registrant of the mark LATERAL LINK for "[p]ersonnel placement and recruitment for attorneys and other professionals," U.S. Trademark Registration No. 3,762,826 (the '826 Registration).

22.     This is an action involving a registered mark, *i.e.*, the mark set forth in the '826 Registration. Accordingly, this Court is granted jurisdiction to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  15 U.S.C. § 1119.

23.     Plaintiff's LATERAL LINK mark is descriptive in that it immediately describes the services offered under that mark, namely linking potential lateral hires

with employers.  Plaintiff's mark has not become "distinctive of [its] [services] in commerce." 15 U.S.C. § 1052(f).  Accordingly the trademark is invalid, and the '826 Registration should be cancelled.

  24. Alternatively, the dominant portion of Plaintiff's mark is the term LATERAL, which is a generic term for lateral hires in the legal and other professional industries.  Accordingly, that term in the registration should be ordered disclaimed pursuant to 15 U.S.C. § 1056(a).

WHEREFORE Defendants pray for relief as follows:

  1. Dismissal of all of Plaintiff's claims with prejudice.

  2. Entry of a declaratory judgment that defendant Habeas Corp.'s use of the designation Lateral.ly for its online legal placement service does not violate any of Plaintiff's rights in its mark, including pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), the common law trademark infringement and unfair competition, California Unfair Competition under California Business and Professions Code § 17200, 15 U.S.C. § 1125(c), or any other rights under federal or state law.

  3. An order of cancellation of the '826 Registration, or an order requiring the registration to be amended to include a disclaimer of the term LATERAL as generic in the standard language used by the Patent and Trademark Office, *i.e.*, "[n]o claim is made to the exclusive right to use LATERAL apart from the mark as shown."

4. Award of attorney's fees and costs under 15 U.S.C. § 1117(a) as an exceptional case.

5. Such other relief as the Court deems just and equitable.

Dated: October 31, 2014                              STEFFIN LELKES AZOD LLP


By: ___/s/_____
   Armin Azod
   Attorney for Defendants

Of Counsel:
SPRINGUT LAW PC
Milton Springut
Tal S. Benschar