WILLIAM C. STEFFIN (SBN #54626)
ARMIN AZOD (SBN #250965)
STEFFIN LELKES AZOD LLP
1801 Century Park East, 24th Floor
Century City, CA 90067
Phone: (310) 734-8442
william.steffin@usaiplaw.com
armin.azod@usaiplaw.com

MILTON SPRINGUT (of counsel)
TAL S. BENSCHAR (of counsel)
SPRINGUT LAW PC
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Phone: (212) 813-1600
ms@sprnigutlaw.com
tbenschar@springutlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATERAL LINK GROUP, LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> HABEAS CORP., a Delaware corporation doing business as LATERAL.LY; MICAH SPRINGUT, an individual; doing business as LATERAL.LY, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.  CV 14-5695-JAK-JEMx <br><br> Hon. John A. Kronstadt <br><br> **DEFENDANTS' COUNTERCLAIMS ON FIRST AMENDED COMPLAINT** <br><br> **Counterclaims for:** <br><br> **1. Declaratory Judgment of Non-Infringement** <br><br> **2. Cancellation or restriction of federal trademark registration pursuant to 15 U.S.C. § 1119** |

- 1 -
DEFS' COUNTERCLAIMS RE FIRST AM. COMPL.

HABEAS CORP. dba LATERAL.LY, a Delaware corporation; and MICAH SPRINGUT, an individual,

Counter-Claim Plaintiffs,

vs.

LATERAL LINK GROUP, LLC, a California Limited Liability Company,

Counter-Claim Defendant.

Defendants Habeas Corp. dba Lateral.ly (Lateral.ly as sued herein) and Micah Springut (collectively "Defendants") hereby counterclaim against Plaintiff and in support of same allege as follows:

**<u>Nature of the Counterclaims And Jurisdiction</u>**

1.    Defendants bring counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201 to declare that they do not violate Plaintiff's rights under federal and California law.  Defendants further counterclaim to cancel or restrict Plaintiff's Trademark Registration pursuant to 15 U.S.C. § 1119.

2.    The Court has subject matter over the federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the state-law counterclaims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

**The Parties**

3.    Defendant-Counterclaim-Plaintiff Habeas Corp. dba Lateral.ly (hereinafter "Habeas Corp.") is a corporation duly organized under the laws of the State of Delaware, having its place of business in San Francisco, California.

4.    Defendant-Counterclaim-Plaintiff Micah Springut is the Chief Executive Officer of Habeas Corp., and has a place of business in San Francisco, California.

5.    Plaintiff-Counterclaim-Defendant Lateral Link Group, LLC (hereinafter "Lateral Link" or "Plaintiff") is, upon information and belief, a California limited liability company, having a place of business in Los Angeles, California.


**COUNTERCLAIM COUNT I**

**Declaratory Judgment Of Non-Infringement
Concerning Defendants' Use of "Lateral.ly"**

6.    Defendants repeat and reincorporate the foregoing paragraphs as though set forth fully herein.

7.    Defendant Habeas Corp. provides on-line legal placement services to both sophisticated law firms and in-house legal departments and attorneys seeking to be placed.

8.    Defendant Habeas Corp. uses the designation Lateral.ly to designate its services.

DEFS' COUNTERCLAIMS RE FIRST AM. COMPL.

9.      As set forth more fully in Plaintiff's Complaint, there is an actual and ongoing controversy between Plaintiff and Defendants as to whether the use by Habeas Corp. of the designation Lateral.ly infringes upon Plaintiff's rights under federal and state law in its registered mark LATERAL LINK.

10.     Plaintiff's claims for infringement under 15 U.S.C. §§ 1114(1) and 1125(a), for common law trademark infringement and unfair competition, and for California Unfair Competition under California Business and Professions Code § 17200 all require a showing of a valid and protectable trademark.

11.     Plaintiff's LATERAL LINK mark is descriptive in that it immediately describes the services rendered under that mark, namely linking potential lateral hires with employers.  Plaintiff has not achieved "secondary meaning" necessary to protect its mark.  Accordingly, its mark is not valid.

12.     Plaintiff's claims for infringement under 15 U.S.C. §§ 1114(1) and 1125(a), for common law trademark infringement and unfair competition, and for California Unfair Competition under California Business and Professions Code § 17200 all require a showing of likelihood of confusion by consumers or potential consumers of the parties' services.

13.     There is no likelihood of confusion created by Habeas Corp.'s use of its Lateral.ly designation, because consideration of the factors set forth in *AMF Inc. v.*

---

DEFS' COUNTERCLAIMS RE FIRST AM. COMPL.

Sleekcraft *Boats*, 599 F.2d 341 (9th Cir. 1979) leads to the conclusion that there is no likelihood of confusion.

14.    Among other *Sleekcraft* factors is the fact that the term LATERAL is the only term that Defendant's LATERAL.LY designation has in common with Plaintiff's mark.  That term is a generic term for an experienced attorney seeking to move from one employment to another, such as from a law firm to another law firm or in-house corporate position, or the cognate adjective describing such a move by such an attorney.  The term has been extensively used in its generic sense by Plaintiff's principals in talks and presentations, by major law firms (including several of Plaintiff's clients), by the legal press and by the National Association of Legal Placement, a national association of over 2,500 legal career professionals.

15.    Among other *Sleekcraft* factors is the fact that the customers and potential customers to which both parties target their services are law firms and in-house legal departments and attorneys seeking to be hired by the law firms and in-house legal departments, and all such are highly sophisticated consumers who take great care in selection of providers of such services.

16.    For these and other reasons, there is no likelihood of confusion created by Defendants use of the Lateral.ly designation.

17.    At least for the reasons stated herein, Defendants' use of the Lateral.ly designation does not violate any of Plaintiff's rights under federal or state law.

DEFS' COUNTERCLAIMS RE FIRST AM. COMPL.

## COUNTERCLAIM COUNT II

### Cancellation Or Restriction Of Registration
### 15 U.S.C. § 1119

18.     Defendants repeat and reincorporate the foregoing paragraphs as though set forth fully herein.

19.     Plaintiff is the registrant of the mark LATERAL LINK for "[p]ersonnel placement and recruitment for attorneys and other professionals," U.S. Trademark Registration No. 3,762,826 (the '826 Registration).

20.     This is an action involving a registered mark, *i.e.*, the mark set forth in the '826 Registration. Accordingly, this Court is granted jurisdiction to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  15 U.S.C. § 1119.

21.     Plaintiff's LATERAL LINK mark is descriptive in that it immediately describes the services offered under that mark, namely linking potential lateral hires with employers.  Plaintiff's mark has not become "distinctive of [its] [services] in commerce."  15 U.S.C. § 1052(f).  Accordingly the trademark is invalid, and the '826 Registration should be cancelled.

22.     Alternatively, the dominant portion of Plaintiff's mark is the term LATERAL, which is a generic term for lateral hires in the legal and other professional

DEFS' COUNTERCLAIMS RE FIRST AM. COMPL.

industries.  Accordingly, that term in the registration should be ordered disclaimed pursuant to 15 U.S.C. § 1056(a).

WHEREFORE Defendants pray for relief as follows:

1.    Dismissal of all of Plaintiff's claims with prejudice.

2.    Entry of a declaratory judgment that defendant Habeas Corp.'s use of the designation Lateral.ly for its online legal placement service does not violate any of Plaintiff's rights in its mark, including pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), the common law trademark infringement and unfair competition, California Unfair Competition under California Business and Professions Code § 17200, 15 U.S.C. § 1125(c), or any other rights under federal or state law.

3.    An order of cancellation of the '826 Registration, or an order requiring the registration to be amended to include a disclaimer of the term LATERAL as generic in the standard language used by the Patent and Trademark Office, *i.e.*, "[n]o claim is made to the exclusive right to use LATERAL apart from the mark as shown."

4.    Award of attorney's fees and costs under 15 U.S.C. § 1117(a) as an exceptional case.

5.    Such other relief as the Court deems just and equitable.

---

DEFS' COUNTERCLAIMS RE FIRST AM. COMPL.

Dated: March 13, 2015

STEFFIN LELKES AZOD LLP
William C. Steffin
Armin Azod

SPRINGUT LAW PC
Milton Springut (admitted *pro hac vice*)
Tal S. Benschar (admitted *pro hac vice*)

Attorneys for Defendants


By:_____/S/_____
Tal S. Benschar

DEFS' COUNTERCLAIMS RE FIRST AM. COMPL.