WILLIAM C. STEFFIN (SBN #54626)
ARMIN AZOD (SBN # 250965)
STEFFIN LELKES AZOD LLP
1801 Century Park East, 24th Floor
Century City, CA 90067
Phone: (310) 734-8442
william.steffin@usaiplaw.com
armin.azod@usaiplaw.com

MILTON SPRINGUT (admitted *pro hac vice*)
TAL S. BENSCHAR (admitted *pro hac vice*)
SPRINGUT LAW PC
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Phone: (212) 813-1600
ms@springutlaw.com
tbenschar@springutlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATERAL LINK GROUP, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MICAH SPRINGUT, an individual; doing business as LATERAL.LY, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  CV 14-5695-JAK-JEMx<br>   DISCOVERY MATTER<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENT PRODUCTION; MEMORANDUM OF POINTS AND AUTHORITIES, MEMO EXH. 1**<br><br>Court:  Hon. John E. McDermott<br>Date:   April 28, 2015<br>Time:  10:00am<br>Place: Courtroom C, 8th Floor<br><br>Discovery Cutoff:  July 24, 2015<br>Pre-trial Conference:  November 23, 2015<br>Trial Date:  December 8, 2015 |

- 1 -
MOTION TO COMPEL DOC. PRODUCTION; MEMO.; EXH. 1

| | |
|---|---|
| 1 | HABEAS CORP. dba LATERAL.LY (sued herein as LATERAL.LY), a Delaware corporation; and MICAH SPRINGUT, an individual, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Counter-Claim Plaintiffs, |
| 6 | |
| 7 | vs. |
| 8 | LATERAL LINK GROUP, LLC, a California Limited Liability Company, |
| 9 | |
| 10 | |
| 11 | Counter-Claim Defendant. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on April 28, 2015 at 10:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled action, in Courtroom C of the Honorable John E. McDermott, located at 312 North Spring Street, 8th Floor, Los Angeles, California 90012, Defendants-Counterclaimants Habeas Corp. doing business as Lateral.ly and Micah Springut (collectively "Defendants") will and hereby do move pursuant to Rules 34 and 37, Federal Rules of Civil Procedure, and Local Rule 37-2.4, for an order compelling production of documents and overruling certain objections by Plaintiff, as set forth more fully in the proposed Order filed herewith.

Defendants are entitled to the relief sought herein on the grounds that (a) they have requested documents that are relevant to the issues raised by the pleadings and other proceedings herein; and (b) while Plaintiff has agreed to produce certain documents, it has refused to set a date certain for production, and nearly a month after its responses, has yet to produce a single document.

This motion is made pursuant to L.R. 37-2.4 because Plaintiff's counsel has repeatedly and persistently stymied any attempt at meeting and conferring with regards to the instant dispute.

The motion relies upon the Declaration of Tal S. Benschar and the proposed Order filed herewith. A copy of the case schedule entered on January 12, 2015 is appended as Motion Exhibit 1.

Dated:  March 31, 2015                    STEFFIN LELKES AZOD LLP
                                          William C. Steffin
                                          Armin Azod

                                          SPRINGUT LAW PC
                                          Milton Springut (admitted *pro hac vice*)
                                          Tal S. Benschar (admitted *pro hac vice*)

                                          Attorneys for Defendants


                                          By:____/S/_____
                                          Tal S. Benschar

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................1

    Background.........................................................................................................1

    Prior Proceedings...............................................................................................1

    The Instant Discovery Dispute ..........................................................................2

    Statement Pursuant to L.R. 37-2.4 ....................................................................2

    Plaintiff's Arguments For Delay Are Meritless
    And Are Intended To Further Frustrate The
    Discovery Process..............................................................................................3

        Plaintiff's Assertion That It Needs Citation
        To Legal Authority Is Baseless...............................................................3

        Time for Providing Portion of Joint Stipulation ....................................3

DISCOVERY DISPUTES ..........................................................................................4

    I.    Production of Documents........................................................................4

    II.   Documents Concerning Single Instance of Actual
         isserve the Public Interest........................................................................4

    III.  Documents Concerning Plaintiff's Online Job
         Database And Any Attempts To Implement Same..............................5

    IV.  Documents Concerning Use Of LATERAL As
         A Generic Term ........................................................................................8

    V.   General Business Documents (Request Nos. 47, 48)...........................10

    VI.  Documents Concerning Timing Of The Preliminary
         Injunction Motion...................................................................................12

CONCLUSION.........................................................................................................13

## PRELIMINARY STATEMENT

Background

This is a trademark infringement action. Plaintiff is a legal recruiter and provides a networking forum for "elite attorneys" and "top tier law firms." Plaintiff is the owner of U.S. Trademark Registration No. 3,762,826 (the '826 Registration) for the mark LATERAL LINK for "personnel placement and recruitment for attorneys and other professionals," which mark identifies its services.

Defendants, a company and its CEO (collectively "Defendants" or "Lateral.ly"), are in the business of providing an online platform for attorneys to find and apply for legal positions at law firms and companies. Lateral.ly's innovative, online platform offers significant advantages in terms of cost and efficiency to both lawyer and employer clients.

Plaintiff alleges that Defendants' use of the term Lateral.ly to identify their online business infringes its LATERAL LINK mark, constituting trademark infringement and unfair competition under federal and state law. Defendants deny these allegations. Among other arguments, Defendants maintain that there is no likelihood of confusion because (a) the term LATERAL, the only common term between the parties' marks, is a generic term in the industry, and (b) the client base is highly careful and sophisticated. Defendants also assert the defense of unclean hands based on the fact that that this suit was brought for anti-competitive purposes to squelch an innovative competitor.

Prior Proceedings

The parties have already engaged in substantial motion practice on the merits. Plaintiff brought a motion for a preliminary injunction (the "PI Motion"), while Defendants cross-moved for summary judgment. Both motions were heard on January

12, 2015, before Judge Kronstadt; both motions were denied by written opinion entered February 26, 2015. (DE 63)

The Instant Discovery Dispute

The instant dispute concerns Plaintiff's responses to Defendants' First Set of Document Requests dated January 14, 2015 (Benschar[1] Exh. A). Plaintiff's responses were served on February 27, 2015 (Benschar Exh. B) and supplemented on March 25, 2015. (Benschar Exh. C) (The disputed requests and responses are quoted verbatim below).

Statement Pursuant To L.R. 37-2.4

As detailed in the Benschar Declaration (Benschar 4-13), since service of Plaintiff's responses to the document requests, Defendants' counsel has made repeated attempts to meet and confer, both by phone and in writing, with Plaintiff's counsel. For nearly a month, Defendants' counsel has made repeated and extensive efforts to meet and confer with Plaintiff's counsel, Robert Tauler. This included repeated attempts to set up phone calls – each one of which Mr. Tauler agreed to a time certain, and then simply failed to answer the phone – and provision of three written summaries of Defendants' positions, including a detailed letter and two drafts of a Joint Stipulation.

Rather than comply with its duty to confer in good faith, L.R. 37-1, Plaintiff's counsel has made every effort to stymie and delay resolution of this issue. Most recently, Plaintiff's counsel demanded a telephonic meet-and-confer, indicating that he was available "all day" the next day (other than two hours). Then, when Defendant's counsel picked a time for the conference, he refused to proceed, insisting that the

---

[1] "Benschar" references the declaration of Tal S. Benschar, Esq., filed herewith, followed by the cited paragraph number, such that "Benschar 5" references the Benschar Declaration, paragraph 5.

conference be recorded by a court reporter *and* that Defendants agree to pay half the costs. (Benschar 12 and Exh. K)

### Plaintiff's Arguments For Delay Are Meritless And Are Intended To Further Frustrate The Discovery Process

#### Plaintiff's Assertion That It Needs Citation To Legal Authority Is Baseless

The last email from Plaintiff's counsel (Benschar Exh. K) contains two additional arguments for delay which are both baseless. First, it complains that Defendants have failed to provide legal authority for their position. But Plaintiff ignores that this is a discovery motion. As the Court will see below, the basic issues are (a) Plaintiff has simply failed to make timely production of documents it has promised to produce; and (b) made baseless relevance objections as to certain requests.

As to the former, Rule 34 provides for responses to be made within 30 days, which here was extended by consent for two weeks. Yet now, a month after responses were due (and two-and-a-half months after the requests were served), Plaintiff has yet to produce a single document. (Benschar 14) As to the latter disputes, Rule 26(b) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." As shown below, the parties dispute the relevance of certain requests. By nature this is an inherently factual issue: is the requested discovery relevant to the claims and defenses raised in the pleadings and other filings in the case. Thus none of these discovery disputes lend themselves to extensive case citation or other legal authority.

#### Time For Providing Portion Of Joint Stipulation

Plaintiff's counsel also complains that he was not provided seven days to provide his portion of the Joint Stipulation. (*See* Benschar Exh. K) Plaintiff's counsel

was provided a draft Joint Stipulation on March 17, 2015.  (Benschar 7 and Exh. F)  Choosing not to respond, Plaintiff served supplemental responses, in which it withdrew some objections and maintained others.  (Benschar 11 and Exh. C)  Accordingly, a revised Joint Stipulation – which simply removed those points as to which Plaintiff had conceded and retained those still in dispute – was served, with a request to provide Plaintiff's portion within several days.  (Benschar 11 and Exh. J)

The seven-day clock for providing a portion of a Joint Stipulation, L.R. 37-2.2, is not reset simply because a party concedes some issues, requiring their removal from the document.  Such a reset would simply encourage the kind of gamesmanship engaged in by Plaintiff's counsel.

## DISCOVERY DISPUTES

### I. Production of Documents

Plaintiff's responses to document requests promised production of documents as to certain of the requests, but to date *not a single* document has been provided, although it is now more than a month that the written responses were provided. Defendants request that the Court set a date certain for production of all responsive documents either agreed to by Plaintiff or ordered by the Court.

### II. Documents Concerning Single Instance of Actual Confusion

**REQUEST FOR PRODUCTION NO. 4:**
All documents and things concerning Ari Jaffess, any communications with him, and/or any services provided to him.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request to the extent that it seeks production of documents within

the attorney-client privilege and/or the attorney work product doctrine. Plaintiff also objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment.

In support of its preliminary injunction motion, Plaintiff proffered evidence of asserted actual confusion: an email from a "partner" at a law firm (actually an associate) named Ari Jaffess, who supposedly was confused by Defendants' Lateral.ly designation. Plaintiff proffered an email from this person as proof of such actual confusion. Defendants are entitled to understand the relationship the individual has with Plaintiff, including any prior history, and what services he requested and was provided. Defendants are also entitled to ascertain whether he is within the relevant universe of customers purportedly confused. (The email trail proffered indicates that Plaintiff actually *declined* to provide him services, because he was seeking to be placed in a boutique law firm not serviced by Plaintiff.) Plaintiff's agreement to produce the one email supposedly reflecting Mr. Jaffess' confusion (which was already in the record on the PI Motion) is disingenuous and wholly inadequate.

Plaintiff's objections should be overruled and the documents ordered produced.

### III. Documents Concerning Plaintiff's Online Job Database And Any Attempts to Implement Same

**REQUEST FOR PRODUCTION NO. 6:**
All documents concerning the "online job database" referenced in Complaint ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request to the extent that it is seeks confidential, proprietary and

private information. Plaintiff objects to this request on the ground that it is vague and ambiguous, particularly with respect to the undefined term "concerning." Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment.

**REQUEST FOR PRODUCTION NO. 37:**
All documents concerning YOUR assertion that YOU "utilize[] web technology to make the Job process more efficient for elite attorneys." (Allen Decl. ¶ 2, Dkt. No. 41-2).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment.

**REQUEST FOR PRODUCTION NO. 38:**
All documents concerning any attempt by YOU to design, create, implement or use an on-line recruiting platform, whether successful or not.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request on the ground that it seeks the production of documents which are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence, since the request is not limited to the subject matter of this litigation and/or the parties to this lawsuit. Plaintiff also objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous, particularly with respect to the undefined term "successful." Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment, since the request is not limited as to time and/or the subject matter of this litigation.

- 6 -
MOTION TO COMPEL DOC. PRODUCTION; MEMO.; EXH. 1

**REQUEST FOR PRODUCTION NO. 39:**
All documents concerning any attempt by YOU to promote or advertise an on-line recruiting platform, whether successful or not.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request on the ground that it seeks the production of documents which are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence, since the request is not limited to the subject matter of this litigation and/or the parties to this lawsuit. Plaintiff also objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous, particularly with respect to the undefined term "successful." Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment, since the request is not limited as to time and/or the subject matter of this litigation.

Plaintiff alleged in its Complaint and PI Motion papers that it has implemented on-line technology as to which Defendants compete with Plaintiff, and supposedly adds to the confusion in the case. Defendants dispute this assertion and maintain that while Plaintiff did at one point attempt to implement on-line technology to aid in its placement business, it was unable to do so, and accordingly is now threatened by Defendants' own successful implementation of technology that will streamline the placement process.

This factual dispute is relevant to two issues in the case. In arguing that it too maintains an on-line technology and that such exacerbates confusion, Plaintiff concedes that the level of technology is relevant to the ultimate issue before the Court: likelihood of confusion. The similarity of the parties' services thus impacts on the question of likelihood of confusion. That issue is disputed. Defendants are not

required to accept Plaintiff's word for it; they are entitled to test in discovery whether Plaintiff's system is indeed state-of-the-art, antiquated, inoperative, or whatever.

Second, if, as Defendants maintain, Plaintiff was unable to implement on-line technology and instead must use outdated manual headhunter methods, then that fact buttresses their defense that this action was brought to suppress competition by an innovative competitor.

Defendants are accordingly entitled to ascertain the nature of the technology implemented by Plaintiff, its use in Plaintiff's business, its promotion to potential clients and how it may impact on the trademark issues in the case.

Plaintiff's objection that the term "concerning" is undefined is simply wrong. Defendants' Document Requests expressly defined that term as "constituting, comprising, describing or discussing." (*See* Benschar Exh. A. at 6, Definition K)

Plaintiff's objections should be overruled and the documents ordered produced.

**IV. Documents Concerning Use of LATERAL As A Generic Term**

**REQUEST FOR PRODUCTION NO. 40:**
All documents concerning any use by YOU of the term LATERAL in any advertisement, article or other document, other than as part of the LATERAL LINK Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request on the ground that it seeks the production of documents which are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence, since the request is not limited to the subject matter of this litigation. Plaintiff also objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes

of harassment, since the request is not limited as to time and/or the subject matter of this litigation.

**REQUEST FOR PRODUCTION NO. 41:**
All documents concerning any use by any person of the term LATERAL in any advertisement, article or other document, other than as part of the LATERAL LINK Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request on the ground that it seeks the production of documents which are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence, since the request is not limited to the subject matter of this litigation and/or the parties to this lawsuit. Plaintiff also objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment, since the request is not limited as to time and/or the subject matter of this litigation.

One of Defendants' central contentions in the case is that in the legal placement industry the term LATERAL is a generic term for a legal associate seeking placement in another firm or corporate legal department, or the cognate adjective for such a move (*e.g.* a "lateral move" or "lateral hire."). The term LATERAL is the only common term between the parties' respective marks, and its generic nature means there is little likelihood of confusion.

On the PI motion, Defendants introduced abundant evidence on this issue, including many articles and other promotional materials authored by Plaintiff! Indeed, Judge Kronstadt in his opinion made clear that this is a central dispute in the case:

> The proper meaning of "lateral" is disputed among the Parties. Defendants present ample evidence that the term "lateral"—as

> understood in the legal industry—is a generic term "connoting an experienced attorney seeking to move from one employment to another, or the cognate adjective describing such a move by such an attorney." SDMF ¶ 9; *see*, *e.g.*, Benschar Declaration ("Benschar Decl."), Dkt. 29-14,Ex. F (Feb. 2014 cover page of *The American Lawyer* magazine featuring cover article entitled "Are Laterals Killing Your Firm?"); *id.* at Ex. H (printouts from recruiting webpages of many law firms including, *inter alia*, Arnold & Porter and Baker Hostetler, describing "lateral job openings" and interest in "lateral associates"); *id.* at Ex. G (Sept. 2013 article in *Above the Law*, a legal-industry blog, entitled "The Aspiring Lateral: The Value of Recruiters). Indeed, Plaintiff itself utilizes the term "lateral" to describe its services in this generic sense on its website and through its marketing materials. *See*, *e.g.*, Benschar Decl., Ex. A (printout from Plaintiff's website explaining that those "who are just curious about the job market may peruse our jobs database on their own . . . [and] stay up-to-date with the latest *lateral* opportunities as they become available.") (emphasis added). Plaintiff, however, only presents a dictionary definition of the term, and argues that this definition does not show a "common usage of the term[] for legal placement services." MSJ Opp. at 10.

(Minutes and Order, DE 63 at 8-9, footnote omitted)

Accordingly, use by Plaintiff (or others in the industry) of the term LATERAL in a generic sense is highly probative on this central issue. Plaintiff's objections should be overruled and the documents ordered produced.

## V. General Business Documents

**REQUEST FOR PRODUCTION NO. 47:**
Copies of any form contracts used by YOU as part of YOUR legal recruiting business.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to

this request on the ground that it seeks the production of documents which are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence, since the request is not limited to the subject matter of this litigation and/or the parties to this lawsuit. Plaintiff also objects to this request to the extent that it seeks production of documents within the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment, since the request is not limited as to time and/or the subject matter of this litigation.

**REQUEST FOR PRODUCTION NO. 48:**
All documents concerning any complaints by either candidates or employers concerning the provision of recruiting services or the process of same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request on the ground that it seeks the production of documents which are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence, since the request is not limited to the subject matter of this litigation and/or the parties to this lawsuit. Plaintiff also objects to this request to the extent that it seeks production of documents within the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment, since the request is not limited as to time and/or the subject matter of this litigation.

These document requests concern use of Plaintiff's LATERAL LINK mark in form agreements with legal associates and employer customers (No. 47) and complaints about services (No. 48).

Central to any trademark case is the goodwill and reputation symbolized by the mark. Form agreements used by a service business illustrate how the LATERAL LINK mark is used when servicing Plaintiff's clients, which certainly is crucial to Plaintiff's goodwill and reputation. Evidence of complaints about services likewise are closely connected to the same issue. Plaintiff's objections should be overruled and the documents ordered produced.

**VI.   Documents Concerning Timing Of The Preliminary Injunction Motion**

**REQUEST FOR PRODUCTION NO. 51:**
All documents concerning the timing of the filing of YOUR motion for a preliminary injunction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**
Plaintiff incorporates by reference the General Responses and Objections as if they were set forth fully herein. Plaintiff objects to this request to the extent that it seeks production of documents within the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it is seeks confidential, proprietary and private information. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment.

In its PI motion, Plaintiff asserted that it learned of Defendants in April 2014 and then sent a cease and desist letter in May 2014. Yet the preliminary injunction motion was not even filed until seven months later in November. Judge Kronstadt cited this extensive delay as a reason for denial of the motion. (*See* DE 63 at 13)

The parties dispute the reasons for this delay.  Plaintiff maintains that it was due to mere extension of courtesies to Defendants.  But Defendants maintain that there was a more cynical reason:  that the PI Motion was timed to be heard at the end of the year, to take advantage of the fact that the busiest time for legal recruitment is January to March.  Plaintiff thus deliberately delayed its PI Motion to have the worst impact on Defendants' nascent business.

If Defendants' position is correct, that buttresses their defense that that this suit was brought to squelch competition by an innovative competitor.  The request is accordingly relevant to Defendants' unclean hands defense.

Plaintiff's objections should be overruled and the documents ordered produced.

## CONCLUSION

The Court should overruled Plaintiff's objections, and order production of documents (whether responsive to requests as to which Plaintiff has indicated it would produce documents, or overruled requests) within two weeks of the Court's order.

Dated: March 31, 2015

STEFFIN LELKES AZOD LLP
William C. Steffin
Armin Azod

SPRINGUT LAW PC
Milton Springut (admitted *pro hac vice*)
Tal S. Benschar (admitted *pro hac vice*)

Attorneys for Defendants

By:____/S/_____
Tal S. Benschar

1 | MOTION TO COMPEL
2
3
4 | EXHIBIT 1
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | LA CV14-05695 JAK (JEMx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | Lateral Link Group, LLC v. Micah Springut, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Robert Tauler | William C. Steffin |
| | Armin Azod |

**Proceedings:** **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. 14)**

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AS TO COMPLAINT COUNT V (DKT. 27)**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COMPLAINT COUNTS I, III, IV AND VI (DKT. 29)**

**SCHEDULING CONFERENCE**

The motion hearing is held. The Court states its tentative views that it is inclined to deny Plaintiff's Motion for Preliminary Injunction (the "Plaintiff's Motion") and deny Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment as to Complaint Count V and for Summary Judgement as to Complaint Counts I, III, IV and VI (the "Defendants' Motions"). Counsel address the Court. The Court takes the Plaintiff's Motion and Defendants' Motions UNDER SUBMISSION and will issue a ruling.

The scheduling conference is held. The Court confers with counsel regarding the status of the case and the parties' January 2, 2015 joint report and sets the following deadlines:

| February 16, 2015 or 10 days after the Court issues its final ruling on Plaintiff's Motion and Defendants' Motions, whichever is to occur first: | Last day to amend or add parties |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-05695 JAK (JEMx) | Date | January 12, 2015 |
| Title | Lateral Link Group, LLC v. Micah Springut, et al. | | |

| | |
|---|---|
| May 15, 2015: | Last day to participate in a settlement conference/mediation |
| May 22, 2015: | Last day to file a notice of settlement or a joint report re status of settlement |
| June 1, 2015 at 1:30 p.m.: | Post Mediation Status Conference |
| July 24, 2015: | Non-Expert Discovery Cut-Off |
| August 7, 2015: | Initial Expert Disclosures |
| September 4, 2015: | Rebuttal Expert Disclosures |
| October 5, 2015: | Expert Discovery Cut-Off |
| October 5, 2015: | Last day to hear motions |
| November 23, 2015 at 3:00 p.m.: | Final Pretrial Conference, Motions in Limine, and Status Conference re Exhibits |
| December 8, 2015 at 9:00 a.m.: | Jury Trial (est. tbd days) |

The Court grants the parties' request to participate in a settlement conference with Magistrate Judge John E. McDermott. The parties are ordered to have a representative with authority to make final decisions as to this matter, present at the settlement conference. If a settlement is reached, the parties are ordered to file a notice of settlement, with a proposed date by which the matter will be dismissed. No appearance will be required on June 1, 2015, if such notice is filed on or before May 22, 2015. If a notice of settlement is not filed, counsel shall file a joint report by May 22, 2015, regarding the status of settlement and whether a second session would be productive and, if so, the anticipated date of its completion. The joint report shall not disclose the substantive contents of any settlement communications between the parties.

Counsel for all parties shall comply with this Court's standing orders with respect to documents to be prepared and filed in connection with the Final Pretrial Conference. Dkt. 52.

**IT IS SO ORDERED.**

| | | : | 46 |
|---|---|---|---|
| | Initials of Preparer | ak | |