GAIL MIGDAL TITLE, ESQ.
ADR SERVICES, INC.
1900 Avenue of the Stars, Suite 250
Los Angeles, CA 90067
310.201.0010
gtitle@adrservices.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATERAL LINK GROUP, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v-<br><br>HABEAS CORP., a Delaware corporation doing business as LATERAL.LY; MICAH SPRINGUT, an individual; doing business as LATERAL.LY, and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO. CV-14-05695-JAK (JEMx)<br><br>**REPORT OF DISCOVERY REFEREE PURSUANT TO ORDER OF MAY 3, 2016** |

118999921

This Report is submitted to the Honorable John A. Kronstadt, United States District Court Judge for the Central District of California, pursuant to his Order of May 3, 2016.

## INTRODUCTION

On or about April 11, 2016, Defendants Habeas Corp. d/b/a/ Lateral.ly and Micah Springut (collectively "Defendants") filed with the Court a Motion for Contempt and Preclusive Sanctions ("Motion") against Plaintiff Lateral Link Group, LLC ("Plaintiff"). On May 2, 2016, Judge Kronstadt referred to this Discovery Referee "the portion of the Motion concerning the December 7, 2015, January 4, 2016, and January 20, 2016, Orders by Discovery Referee Title as to Plaintiff's required designation of appropriate witness(es) to testify about its quality control efforts . . . regarding its trademark" and "whether Plaintiff has complied with those Orders." The Referee understands the Court's order asks the Referee to address Plaintiff's compliance with her Orders only and does not ask the Referee to address whether the remedies sought by the Motion are appropriate.

## FACTUAL AND PROCEDURAL BACKGROUND

By letter dated November 18, 2015, Defendants sought an order from the Referee that would require Michael Allen, who had testified as a 30(b)(6) witness on behalf of Plaintiff on October 22, 2015, to be deposed for another day. Defendants contended that Plaintiff's counsel improperly interposed objections and instructions to certain deposition questions, thereby preventing them from obtaining all the testimony to which they were entitled. Defendants sought to ask Plaintiff's 30(b)6) witness additional questions on a variety of topics, including quality control measures.[1]

---

[1] Among other topics, Defendants requested that the Referee order Plaintiff to explain its failure to produce an email referenced by the witness; defendants also sought additional testimony regarding Plaintiff's use of referral fees and blind

2

Plaintiff in turn requested the issuance of a protective order prohibiting Defendants from taking further deposition testimony of Mr. Allen, asserting that Defendants' prior deposition questioning had been conducted in a bad faith and harassing manner.

The Referee denied without prejudice the request to order another day of deposition on the broad categories to which the witness had already provided testimony. However, by her Orders of December 7, 2015 and January 4, 2016, the Referee ordered Plaintiff to provide additional written responses to certain questions that had been posed at Mr. Allen's deposition, including some regarding quality control. The Referee reserved the right to order a further oral deposition if Plaintiff's written responses proved to be inadequate.

Plaintiff provided additional written responses to the questions ordered on January 11, 2016 (the "Written Responses").[2] As set forth in her discovery ruling of January 20, 2016, the Referee found certain of the Written Responses inadequate and ordered Plaintiff to produce a 30(b)6 witness for a further telephonic deposition, for a maximum of three hours. Defendants took the deposition of Plaintiff's second 30(b)(6) witness, Andrew Wood, on February 24, 2016.[3]

## DISCUSSION

In the Motion, Defendants assert that Mr. Wood was "a totally unprepared witness, who was unable to provide any substantive information beyond that already matching, elements of Plaintiff's business methods which the witness testified Defendants had copied.

---

[2] The Written Responses are attached as Exhibit I to the Declaration of Tal S. Benschar in Support of the Motion ("Benschar Declaration").

[3] The transcript of Mr. Wood's February 24, 2016 deposition is attached to the Benschar Declaration as Exhibit B.

3

provided in the deficient written responses." This assertion mischaracterizes Plaintiff's testimony with regard to quality control.[4]

The testimony in Plaintiff's January 11, 2016 Written Responses to questions regarding its exercise of quality control included the following: "Lateral Link meticulously polices all uses of the Lateral Link mark and ensures the quality of all services offered under the Lateral Link brand. Lateral Link conducts periodic [internal and external] reviews to ensure the quality of its services and use of the mark." "All employer complaints are promptly handled by the appropriate Lateral Link representative for the specific employer and, if necessary, the representative's superior. Lateral Link's response to a complaint is dependent on the nature of the complaint. Emails are immediately responded to." If a candidate sends a complaint by email, "that email would be stored on Lateral Link's email system." Exhibit I at 5-7.

Quality control was not the principal subject of Defendants' February 24, 2016 examination of Mr. Wood. Rather, all but six pages of the 52 page deposition transcript focused on Plaintiff's document search and production. Moreover, Defendants' questions regarding quality control were substantially limited to the "periodic reviews" referenced in Plaintiff's Written Responses.[5]

Defendants' assertion in the Motion that Mr. Wood was unable to provide any information regarding "periodic reviews" beyond what had been contained in the Written Responses is incorrect. In his February 24, 2016 deposition, Mr. Wood

---

[4] Pursuant to the Court's order, the sufficiency of Plaintiff's deposition testimony with respect to topics other than quality control is not addressed in this Report.

[5] Defendants briefly inquired about agreements between Lateral Link entities. Exhibit B at 46. Although in their Motion, Defendants complain that Mr. Wood did not know whether any agreements between the two Lateral Link entities contained any provisions concerning trademarks, that information was contained in the Written Responses where Plaintiff stated that "No written agreement or license exists between Lateral Link Group, Inc., and Lateral Link Co-Op, LLC specifically relating to the use of the trademark Lateral Link." Exhibit I at 4.

4

explained that the internal "periodic reviews" referenced in the Written Responses are reviews that gauge the performance of Lateral Link's recruiters; that they are conducted at least once per year; that the principals of different regions conduct reviews of the directors under them, and that Mr. Allen manages the reviews of the principals. Mr. Wood also testified, in substance, that Lateral Link does not allow recruiters to do anything with the Lateral Link mark other than on behalf of Lateral Link. Lateral Link allows recruiters business cards, stationery and similar items, but Lateral Link generates any materials the recruiters might need - materials that are usually approved by someone higher up - so as to protect the Lateral Link brand and avoid use of the brand by recruiters for self-promotion. Mr. Wood testified that the "external reviews" referenced in the Written Responses are generated by feedback from the candidates. Exhibit B at 46-52.

That said, Mr. Wood's testimony was not thorough. He testified that he did not know what was discussed or entailed in a periodic review, or whether any records were kept of such reviews. He also did not know what external reviews really were or what Lateral Link does to review any problems uncovered by an internal or external review. Id. This information is pertinent to the issue of quality control.

## CONCLUSION

The Referee concludes that there was substantial compliance, but not full compliance, with her Orders.

Dated: May 20, 2016

Respectfully submitted,

*/s/ Gail Migdal Title*

GAIL MIGDAL TITLE, Discovery Referee

5