# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATERAL LINK GROUP, LLC, a California Limited Liability Company,<br><br>      Plaintiff,<br><br>  v.<br><br>HABEAS CORP., a Delaware corporation doing business as LATERAL.LY; MICAH SPRINGUT, an individual doing business as LATERAL.LY, and DOES 1-10, inclusive.<br><br>      Defendants. | Case No. CV 14-05695-JAK (JEMx)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE RE DEFENDANTS' MOTION FOR CONTEMPT AND PRECLUSIVE SANCTIONS (Docket No. 212) |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, the Report and Recommendation of the United States Magistrate Judge ("R & R"), and the Objections to the Report and Recommendation and Response filed by the parties. The Court accepts the findings and recommendations of the Magistrate Judge.

  As to the parties' Objections, Fed. R. Civ. P. Rule 72(a) and 28 U.S.C. § 636(b)(1)(A) provide that a Magistrate Judge's order on a non-dispositive matter will be upheld unless it is "clearly erroneous or contrary to law." The "clearly erroneous" standard applies to a Magistrate Judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions. Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); Davis v. Chase Bank U.S.A., N.A., 2010 WL 1531410, at *1

1  (C.D. Cal. April 14, 1999). This standard is "significantly deferential," requiring a definite and
2  firm conviction that a mistake has been committed. Green v. Baca, 219 F.R.D. 485, 489
3  (C.D. Cal. 2003); Computer Economics, 50 F. Supp. 2d at 983; Davis, 2010 WL 1531410, at
4  *1. The "contrary to law" standard permits independent review of purely legal determinations
5  by a Magistrate Judge. Computer Economics, 219 F.R.D. at 983; see also Davis, 2010 WL
6  1531410, at *1 (Magistrate Judge's legal conclusions are reviewed de novo). Defendants did
7  not fully acknowledge the governing legal standards.

8        The R & R consists primarily of factual determinations and discretionary decisions.
9  Accordingly, the "clearly erroneous" standard applies, except where otherwise indicated.
10 Defendants disagree with the Magistrate Judge's factual determinations and discretionary
11 decisions but have not demonstrated those determinations and decisions are clearly
12 erroneous.

13       Plaintiff's contention that the R & R, in granting Rule 37(a) relief, contradicts this
14 Court's Order referring discovery matters to the Discovery Referee (Dkt. 139) is meritless.
15 This Court's May 2, 2016 Order specifically referred to the portion of Defendants' Motion for
16 Contempt and Preclusive Sanctions concerning compliance with Magistrate Judge
17 McDermott's April 29, 2015 Order as to document production to Judge McDermott. The
18 R & R and the Rule 37(a) relief granted pertain to the document production that was the
19 subject of Judge McDermott's April 29, 2015 Order and thus fall squarely within this Court's
20 May 2, 2016 referral Order.

21       The R & R properly recommends Rule 37(a) relief. Rule 37(b)(2) provides that, where
22 a party fails to obey a discovery order, the court "may issue further just orders," which "may"
23 include contempt and preclusive sanctions. Plainly, any relief for violating a discovery order is
24 discretionary and not limited to the options listed in 37(b)(2)(A)(i)-(vii). The Magistrate Judge
25 had the discretion and authority to issue Rule 37(a) relief as a further just order under Rule
26 37(b)(2). The Magistrate Judge's award of Rule 37(a) relief was not a new motion as Plaintiff
27 contends but a remedy under Rule 37(b)(2). Additionally, Local Rule 72-1 provides,
28

"Magistrate judges shall have the inherent power of judicial officers to implement and enforce their own orders and to regulate proceedings before them, to the extent permitted by law."

Plaintiff challenges the award of attorney's fees to Defendants and also argues for apportionment under Rule 37(a)(5)(C). As already noted, the R & R awards Rule 37(a) relief as a remedy for violation of a court order under Rule 37(b)(2). Thus, Rule 37(a)(5)(C) is inapplicable. Rule 37(b)(2)(C) is applicable, which does not mention apportionment. Defendants, moreover, contemplated filing a fee request regarding the amount of fees after a ruling on their Motion for Contempt and Preclusive Sanctions. Plaintiff will have the opportunity at that time to address the appropriate amount of fees that should be awarded to Defendants.

The R & R recommends production of trade secret documents relevant to Request Nos. 6, 37, 38, and 39 accompanied by a verification. This Court ORDERS the production and verification to occur by July 10, 2016. Any documents not produced by that date may not be utilized at trial.

Similarly, the R & R recommends that Plaintiff conduct a key word search of its email server for documents responsive to Requests Nos. 6, 37, 38, and 39 accompanied by a verification and take all steps necessary to retrieve and produce email design communications. This Court ORDERS that the key word search, production of documents, verification and retrieval, and production of email design communications occur by July 10, 2016. Any documents not produced by that date may not be utilized at trial.

**IT IS ORDERED** that (1) Defendants' Motion for Contempt and Preclusive Sanctions is DENIED; (2) Rule 37(a) relief is GRANTED; (3) compliance with the Rule 37(a) relief described above is ORDERED to occur by July 10, 2016; and (4) Defendants' request for attorney's fees is GRANTED subject to further proceedings regarding the appropriate amount of such fees.

DATED: JUN 2 2 2016

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE